CHASEZ, Judge.
This is a quanti minoris action instituted by plaintiff, Hersey Guillory, against defendant, A. Lester Sarpy. From a judgment rejecting the plaintiff’s demands at his cost, plaintiff appeals.
On October 10, 1962, the plaintiff purchased a house located at No. 500 Thirba Street in Jefferson Parish, Louisiana, from the defendant. After occupancy of the premises by plaintiff and his family for approximately a week he discovered that the floor furnace was not in operating condition and he likewise discovered that the plumbing could not be used due to a defective field line running from the septic tank. In order to make the house livable, plaintiff was constrained to replace the floor furnace and to properly repair the field line; consequently this action was filed for a reduction of the price paid for the *405 house to the extent of plaintiff’s financial outlay for the above items.
The Civil Code allows the avoidance of a sale because of a vice or defect in the thing sold which renders it useless or its use so inconvenient and imperfect that it may be supposed that the buyer would not have purchased it. LSA-C.C. 2520. It likewise provides: a) the vice or defect in the object must not be an apparent defect discoverable by simple inspection, LSA-C.C. 2521; b) the action is not allowed if due to a latent defect which has been declared, LSA-C.C. 2522; c) the buyer does not have to demand the complete avoidance of the sale but may limit his demand to the reduction of the price, LSA-C.C. 2541. This is the action brought in this suit; it is governed by the same rules relative to the action for redhibition. LSA-C.C. 2544.
The questions in this case are very simple :
The first is whether the nonfunctioning floor furnace and the field line of the septic tank are vices or defects which render the use of the house so inconvenient or imperfect that the buyer would not have purchased it had he known of them. We think that this question must be answered in the affirmative.
In Cipriano v. Superior Realty & Construction Corp., 228 La. 1065, 84 So.2d 822 (1955), a quanti minoris action was instituted due to a defective heating system in a home. The court allowed recovery and in the course of its opinion stated:
“When a house is sold with a heating system already installed, the heating system forms as much a part of the house as does the foundation or the roof and is covered by the vendor’s warranty. If this heating system proves to have hidden vices which existed at the time of the sale and which were such as to render it useless and unsuited for its purpose, the buyer has an action for redhibition or for diminution of the purchase price. Arts. 2520, 2521, La. Civil Code.”
See Daly v. Abramson, 117 So.2d 772 (La. App.1959). We then conclude that the defective floor furnace was a vice or defect within the meaning of LSA-C.C. art. 2520.
The next item which was defective was the field line leading from the septic tank. This prevented the effective operation of the septic tank; after six days of occupying the house, the plumbing facilities could not be used. The disposal would not drain and the sewage would back up due to the septic tank being full. We believe that the defective field line is a vice or defect within the meaning of LSA-C.C. art. 2520. The net effect of its failure to operate was to preclude use of the plumbing; the plumbing is, without doubt, an integral part of the house. Our courts have considered defects in the plumbing of a house as good cause for reduction of the price. Johnson v. Hunter, 88 So.2d 467 (La.App.1956). See Rodriguez v. Hudson, 79 So.2d 578 (La.App.1955). In this case we are of the opinion that the defective field line is a vice or defect within the contemplation of LSA-C.C. art. 2520.
The second question which is presented is whether the defects in this case were apparent within the meaning of Article 2521. In the case of Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), the Supreme Court discussed Article 2521:
“Article 2521 of the Civil Code excludes, from the vices for which redhi-bition may be demanded, apparent defects ‘that is, such as the buyer might have discovered by simple inspection * * * ’. Inspection, as defined by Webster’s New International Dictionary, 2nd Ed., means a strict or prying examination. This connotes more than mere casual observation; it envisages an examination of the article by the vendee with a view of ascertaining its soundness. However, the Code limits the exclusion of warranty to those de *406 fects discoverable by a simple inspection. This, it is manifest, relieves the buyer of examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects.”
The buyer is bound to discover what a reasonably, prudent buyer, acting under similar circumstances would have discovered.
We are of the opinion that the damaged field line was not apparent nor discoverable by a simple inspection. It was beneath the ground and the only way it could be discovered would be by digging it up. The defective character of the field line would not be apparent from the operation of the disposal system until it had been operating for some length of time and the septic tank’s capacity filled. Therefore, recovery for this item of damage will be allowed.
The floor furnace presents a more difficult situation. The utilities were not connected at the time the plaintiff-purchaser inspected the house. He, therefore, could not attempt to turn it on. The plaintiff’s expert testified that the floor furnace was rusted. He stated that the burners were bad and it was rusty on the outside. The only part of the floor furnace which was visible for inspection was the grillwork. We do not believe that a prudent buyer would be able by simple inspection to examine the inner workings of a floor furnace to ascertain its condition. We are of the opinion that the average buyer would not have been able to ascertain the condition of this floor furnace by a simple inspection. Recovery should have been allowed for this item also.
The record shows that plaintiff paid $140.00 for the repair of the field bed; purchased a new furnace for $76.40; had the old one inspected for $7.21 and incurred the expense of $40.00 for the installation of the new furnace. These are allowable items of damage and shall be-awarded to plaintiff.
For the foregoing reasons, the judgment: of the trial court is reversed and set aside and judgment is now rendered in favor of' the plaintiff, Hersey Guillory and against, defendant, A. Lester Sarpy, for the sum of $263.67, with legal interest from date of judicial demand until paid. Cost in both.courts to be borne by defendant, A. Lester' Sarpy.
Reversed, set aside and rendered.