SCHOTT, Judge.
This is an action in quanti minoris by the purchaser of a house against the seller based upon alleged latent defects in the plumbing. From a judgment dismissing the suit for $400 the purchaser has taken this appeal.
The house was purchased on February 28, 1970, for $18,500. Prior to the act of sale the purchaser, accompanied by a contractor of her selection, inspected the house but because it was raining at the time they did not get under the house in conjunction with their inspection. On the first night after the purchase, when the water was turned on, the purchaser found that she could not get any water from the *714 kitchen sink and upon further inspection discovered water dripping from under the house. In December, 1970, the purchaser employed Earl LaBiche, an expert in plumbing, to inspect the house.
Mr. LaBiche testified that the water pipes in the house “were rotten” as a result of age and natural deterioration so that it was necessary to replace a substantial portion of them. Although much of the pipe eventually replaced by him was hidden from view, some of it being wrapped for insulation purposes and some being hidden by sheet rock, there was a stop and waste valve about seven or eight inches above ground level joined to a pipe running under the house for SO to 80 feet of length. Mr. La-Biche said that damage could readily be seen on an inspection of that stop and waste valve and the pipe joined to it.
The record shows that the extent of the rotten condition of the pipe could not be determined by a simple inspection of the house, since a simple inspection would not require the purchaser to crawl under the house or to discover the condition of the pipe which was wrapped by insulation or hidden behind sheet rock walls. But the record is also clear that had the purchaser but turned on the water in the kitchen before the purchase she would have been on notice that something was wrong with the plumbing. Also, the stop and waste valve and the section of pipe joined to it were visible from outside the house and their condition should have put her on notice that the same deteriorated condition might exist throughout the house.
The basic legal principles to be applied to the facts of this case are contained in LSA-C.C. articles 2521 and 2541.[1] Dealing with these principles in the case of Fraser v. Ameling, La.App., 259 So.2d 95, this Court held that in a situation where a house was damaged by termites, while the purchasers were not aware of the full extent of the damage until after the purchase they were properly charged with the knowledge that the premises were partially infested and were alerted to the possibility of more extensive damage. Where they took no action to determine the true condition of the house before the purchase they cannot be said to have acted as reasonably prudent persons or that they satisfied the duty imposed upon them to make a simple inspection before their purchase. In Fraser, this Court followed the rationale of Bonhagen v. Hooper, La.App., 195 So.2d 447, and Pursell v. Kelly, 244 La. 323, 152 So.2d 36.
In the same way the purchaser in the instant case was under a duty to make a simple inspection of the plumbing which would at least require her to turn on the water and to view the stop and waste valve. Had such a simple inspection been made her inability to draw water from the kitchen sink and the deteriorated condition of the stop and waste valve and the pipe which was visible to her would have served as a warning for her to make a more extensive inspection of the plumbing.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.

. “Art. 2521. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.” “Art. 2541. Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.”