311 So.2d 469 (1975)
Edgar B. BUCHANAN
v.
Hewette McMILLAN.
No. 5777.
Court of Appeal of Louisiana, Fourth Circuit.
April 21, 1975.
Gerald J. Leydecker, New Orleans, for plaintiff-appellee.
Harry R. Cabral, Metairie, for defendant-appellant.
Before REDMANN and LEMMON, JJ., and BOURG, J. Pro Tem.
BARON B. BOURG, Judge Pro Tem.
The plaintiffs-purchasers instituted this suit against the defendants-sellers for a reduction in the purchase price of a private home. They base their claim on the grounds that the house had substantial defects which the defendants were aware of and concealed from their knowledge. After a trial on the merits, judgment was rendered in favor of the plaintiffs for damages of $2,500. Defendants appeal that judgment.
The plaintiffs allege that cracks in the interior walls and ceilings and in the brick exterior walls appeared within a few months after they moved into the house. They allege that the cracks are a result of the settlement of the house's foundation, *470 that this occurred over many years and that the defendants had the cracks filled and painted over shortly before offering the house for sale to conceal the defects from prospective purchasers. They further allege that the defects are so substantial that they would not have purchased the house had the defects not been concealed from them.
The defendants deny concealing the cracks. They further deny that the cracks on the interior of the house ever existed prior to their appearance after the plaintiffs bought the house. While admitting that they patched the cracks in the exterior brickwork, they contend that this was apparent upon a reasonable inspection. Defendants admit that the house was repainted but contend that this was done after the plaintiffs had first inspected the house. Defendants produced a witness who testified that he painted the interior of the house at their request shortly before they sold the house. He testified that he patched no cracks before painting nor did he recall seeing any.
There is ample evidence in the record to support the trial court's finding that the cracks were of long standing and that they were patched to conceal them from prospective purchasers.
Plaintiff introduced a witness who qualified as an expert in the field of sheetrocking and plastering. He testified that the cracks had previously been filled with some type of filler, taped, smoothed, and painted over. In his opinion this was the quickest and cheapest way possible to repair the cracks. He further testified that to adequately repair them the sheetrock where the crack is would have to be removed and replaced and then finished to blend in with the other walls.
Plaintiffs also introduced testimony of an expert in the fields of general contracting and shoring. He testified that the damages to the house were a result of settlement of the slab foundation. He recommended the installation of slip footing and concrete pilings under the slab to assure against any further settling. He estimated that this would cost $3,085.50.
The record supports the trial court's finding that the defects in the interior were concealed from the plaintiffs. There is expert testimony to the effect that the cost of replacing the sheetrock and finishing it correctly would be $851.75.
The record however, does not support a finding that the sinking condition of the slab was similarly concealed from the plaintiffs. While the defendants admit to patching the cracks in the exterior brickwork, evidence established that the patching was visible to the naked eye. The testimony of the plaintiffs is also devoid of any allegations that these cracks were concealed from them. There was further evidence that the cement work at the front of the house has been resurfaced due to its sinking and that the poor quality of the work did anything but conceal the fact that it had been repaired. We cannot agree with the finding of the trial judge that the sinking condition of the slab was concealed from the plaintiffs in this respect also. The record does not support his conclusion and we hold that he cannot therefore award the plaintiffs damages for any shoring work to be done and we hold that he cannot therefore award the plaintiffs damages for any shoring work to be done and reduce the award accordingly.
For the foregoing reasons, the judgment of the trial court is amended to award plaintiffs damages of $851.74 to repair the cracked interior walls of their residence.
Amended and affirmed.
LEMMON, J., concurs.
LEMMON, Judge (concurring).
Defendant-seller purchased the house new in about 1950. He sold the house to plaintiff-buyer in November, 1968 for $16,900.
*471 All of the experts agreed that settling was to be reasonably expected in an 18-year old house built in the Metropolitan New Orleans area without pilings.
Therefore, the fact that an 18-year old house has settled and cracking has resulted does not in and of itself establish a buyer's right to redhibition or diminution in price. The negotiated price must be presumed to be based on all considerations bearing on value. But if misrepresentations were made concerning pilings (there was no evidence of this) or if the cracking was purposely concealed to divert a buyer's attention from the defect, then a different situation is presented.[1] Under such circumstances it cannot be supposed that the buyer would have purchased the house at the negotiated price if he had known of the defect.[2]
The record amply supports the trial judge's finding that the seller attempted concealment of the cracking by makeshift repairs.[3] Since the buyer contracted and intended to purchase a house with walls and ceilings which were not cracked, our award of the cost of properly repairing the cracked walls and ceilings and of the necessary painting gives him in effect that which he agreed to purchase.
The trial judge awarded a lump sum of $2,500. The record, however, does not support any amount in excess of the cost of repairing the interior walls.
The buyer also sought the cost of repairing cracks in the exterior brick, the cost of reinforcing the foundation, and damages for mental anguish. The shoring expert testified that he observed exterior cracking nine months after the sale and that the cracking had not worsened at the time of trial two years later. This fact, combined with the consideration that the interior cracking caused by settlement was of long standing, indicates the exterior cracking was obvious at the time of sale, and this repair cost is properly denied.
The cost of reinforcing the foundation is also properly denied, because an award of this item would give the buyer in effect a better foundation than he bargained for. Furthermore, the buyer has the burden of proof, and there was no evidence that the buyer contracted to purchase a house with pilings or that the price or other circumstances indicated this was the buyer's intention.
No mental anguish was proved.
NOTES
[1] The seller's testimony that there was never any cracking in the walls or ceiling is contradicted by unanimous expert testimony that the cracking was of long standing.
[2] This amounts to concealment of otherwise obvious defects. C.C. art. 2521 specifically excludes apparent defects as redhibitory vices.
[3] I hasten to point out that our decision does not prevent a seller from painting or otherwise "freshening up" his house before placing it on the market for sale. This record established that the seller did not repair or renovate for purposes of improvement (which would add value to the house), but rather "covered up" problem areas by makeshift methods (which added no increment of value, but instead concealed problems which detracted from value).