356 So.2d 532 (1977)
Thomas U. NECK
v.
COLEMAN OLDSMOBILE, INC., et al.
No. 11709.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*533 V. James Stewart, III, Baton Rouge, of counsel for plaintiff-appellee, Thomas U. Neck.
Robert L. Kleinpeter, Baton Rouge, of counsel for defendant-appellant, Coleman Oldsmobile, Inc.
J. David Forsyth and John T. Nesser, III, New Orleans, of counsel for third party defendant-appellee, BMW of North America, Inc., and Bavarian Motor Works, Munich, Germany, Inc.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is a redhibitory action in which plaintiff, Thomas U. Neck, sued Coleman Oldsmobile, Inc., BMW of North America, Inc., and Bayerische Motoren Werke Ag,[1] to rescind the sale of a BMW Bavaria automobile and to recover damages and attorney's fees. Various third party demands were filed by and against Coleman and BMW seeking indemnity. After trial on the merits, judgment was rendered in favor of plaintiff, rescinding the sale, returning the $15,670.20 purchase price less a credit of $2,187.50 for mileage and unusual body damage, awarding additional damages in the amounts of $500.00 for inconvenience and annoyance and $360.00 for a substitute vehicle, and allowing attorney's fees of $1,000.00. Judgment on the third party demands was rendered for Coleman in the amount of $13,482.70. From this judgment, BMW and Coleman have appealed. Plaintiff answered the appeals seeking an increase of damages and attorney's fees.
On October 30, 1974, plaintiff purchased a 1974 BMW 4 door sedan 3.0, body style SA from Coleman in Baton Rouge. The purchase price including taxes and finance charges was $15,670.20.
Plaintiff used this car for a period of ten months, during which he experienced numerous mechanical failures requiring the car to be brought into the shop for repairs on nine occasions. Among the difficulties encountered were: numerous wiring and electrical deficiencies; starting in any gear; the hood would not open; squealing brakes; and a total transmission failure. Additionally, plaintiff encountered engine hesitation when accelerating from a slow speed or from a stop. As a result of these problems, plaintiff tendered the car to Coleman and instituted this suit on October 28, 1975.
The trial court noted that all the problems with the car had been satisfactorily repaired by the dealer with the exception of the engine hesitation difficulties. This engine hesitation problem was held by the trial court to constitute a redhibitory defect sufficient for the rescission of the sale of the car.
The defendants contend that the trial court erred in holding: (1) that the engine on the car suffered from a hesitation problem and that this problem was a redhibitory defect; and (2) that plaintiff was entitled to damages.
Initially, defendants contend, relying on the testimony of their experts, that there was no engine hesitation problem. They urge that the trial court erred in accepting plaintiff's testimony, which was not substantiated by an expert witness, on this point.
We note at the outset that we are not aware of any rule of law which requires a plaintiff in a redhibition action to prove *534 his claim through the use of expert testimony. On the contrary, the rule has consistently been stated that a buyer need only show that the automobile has failed to perform properly in the manner it was intended to perform under conditions of normal use. Mid City Finance Co., Inc. v. Coleman, 232 So.2d 918 (La.App. 4th Cir. 1970). See also Stumpf v. Metairie Motor Sales, Inc., 212 So.2d 705 (La.App. 4th Cir. 1968) and cases therein cited.
Plaintiff testified unequivocally that the engine would hesitate or stall when he accelerated at low speed or from a stop. In connection with this testimony, the trial judge noted in his Written Reasons for Judgment:
"* * * The plaintiff's complaints concerning the improper functioning of this engine began immediately and were made throughout his possession of it. The repair invoices show that on six visits to the shop the problem was noted, Carter (Coleman's mechanic) confirmed that the carburetors on these vehicles are so sophisticated that he could have an engine properly tuned and an owner could drive it fifty miles and it would again be out of tune. Although much of this is attributed to the required emission control devices, the owner should not be subjected to constant malfunctions. This engine required frequent tune-ups and numerous visits to the repair shop to operate smoothly and, under normal use, consistently got out of tune. Had the buyer known of this latent defect, the purchase would not have been made.
"The Court is impressed with the service efforts of BMW, which obviously went to considerable expense to please the customer. It has also carefully considered the testimony of their factory representatives, Messrs. Logan and Cresky, who stated that they had driven the vehicle and that its engine performed normally. Admittedly, these were test drives of short duration. However, the history of this particular car is that while it may run correctly for a few hundred miles, that it again invariably requires the attention of a mechanic as previously outlined herein. * * *"
We find that the evidence in the record amply supports the trial court's conclusion that this car suffered from an engine hesitation problem which rendered its use so inconvenient that the buyer would not have purchased it, had he known of the defect. LSA-C.C. article 2520. Accordingly the trial court correctly ordered the rescission of the sale.
On the issue of damages, we find that defendants' contention has merit.
We find that the trial court's award of $360.00 for a substitute vehicle was proper. However, the award of $500.00 for inconvenience and annoyance was error, because plaintiff failed to prove these damages as required by law. DiGiovanni v. April, 261 So.2d 360 (La.App. 1st Cir. 1972); Aiken v. Moran Motor Co. Inc., 165 So.2d 662 (La. App. 1st Cir. 1964).
Plaintiff, in answering this appeal, questions the credit allowed defendants for "unusual body damage," and seeks an increase in damages and attorney's fees.
We find that the credit allowed by the trial court is supported by the evidence in the record and is proper. Additionally, we find that there is insufficient proof in the record to support the additional damages claimed by plaintiff.
Plaintiff was awarded $1,000.00 as attorney's fees by the trial court. We feel that this award should be increased to $1,500.00 to include services performed on this appeal.
For the reasons assigned, the judgment appealed is amended to deny plaintiff damages for inconvenience and annoyance, and to increase attorney's fees to $1,500.00; and as amended is affirmed at appellants' cost.
AMENDED AND AFFIRMED.
NOTES
[1] Bayerische Motoren Werke Ag is the manufacturer of the BMW Bavaria Automobile. BMW of North America, Inc., is the distributor in the United States for these automobiles.

References herein to BMW includes collectively both Bayerische Motoren Werke Ag and BMW of North America, Inc.