357 So.2d 1333 (1978)
Frank Robert KOLWE, Sr.
v.
Marjorie Tastet OWENS.
No. 8610.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, Paul M. Batiza, Thibodaux, for plaintiff-appellee.
Hartman C. Daniel, Metairie, for defendant-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
In awarding a reduction in the purchase price of a residence to the extent of $1,499.51 for rotten flooring beneath the bathroom of the house constructed on two-foot piers, the trial judge concluded that "the defective condition of the property involved was not subject to discovery by a simple inspection . . .." We affirm.
LSA-C.C. art. 2521 provides:
Art. 2521. Apparent defects discoverable by buyer
"Art. 2521. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."
*1334 In Pursell v. Kelly, 244 La. 323, 152 So.2d 36, 41 (1963), the Louisiana Supreme Court stated that the term "simple inspection" "relieves the buyer of examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects".
Plaintiff testified that he had examined the interior of the house on three occasions prior to the sale and had not noticed any defects or leaks. Evidence indicates that the defect was discernible only by crawling under the house and was not perceptible by inspection inside the premises. The rotten condition was first observed by a pest control man who was crawling under the house subsequent to the act of sale.
Under these circumstances, the record supports the trial judge's conclusion and plaintiff is entitled to a reduction. See LSA-C.C. art. 2521, supra; Pursell v. Kelly, supra; Conley v. Cupit, 274 So.2d 713 (La. App. 4th Cir. 1973); Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir. 1975). Quantum is not in issue. The judgment is affirmed.
AFFIRMED.