LEAR, Judge.
Plaintiff, Charles E. Arnold (Arnold) originally filed suit against Winans D. *641 Lloyd, Jr. d/b/a Cotton Lloyd Builders, Chet Homes, Inc. and Chester R. Rushing, alleging certain structural defects in a house plaintiff bought. This suit was consolidated with a suit filed by Chet Homes, Inc. against Arnold.
Thereafter, Arnold filed his petition naming WDL Investment Company, Inc. as an additional defendant.
On the date of trial Arnold moved to dismiss his suit as to Winans D. Lloyd d/b/a Cotton Lloyd Builders, Inc. After trial the court dismissed Chet Homes, Inc. and Chester R. Rushing as defendants and awarded judgment for plaintiff, Arnold, in the sum of $1,345.00 against WDL Investment Company, Inc., plus attorney fees in the amount of $350.00. Defendant, WDL Investment Company, Inc. (WDL) appeals.
Defendant contends that plaintiff’s proof was inadequate; that the court erred in denying admissibility of a document on Cotton Lloyd Builders’ stationery signed by defendant and Chester R. Rushing (which document was filed as a proffer) and further erred by awarding attorney fees.
The defendant’s contention concerning adequacy of proof appears to be aimed at the testimony of Mr. Schexneyder who gave plaintiff a price for correcting the defects. Schexneyder, an experienced carpenter, was a small contractor who would subcontract any work calling for a particular craft such as plumbing and electrical work. Defendant urges that such estimates call for expert testimony. We disagree.
In Neck v. Coleman Oldsmobile, Inc., 356 So.2d 532 (La.App. 1st Cir., 1977) we held that there is no rule of law which requires a plaintiff in a redhibition suit to prove his claim by expert testimony. The trial court was satisfied with the proof offered by plaintiff and we can find no evidence of manifest error or abuse of discretion by the court.
The agreement offered by defendant and ruled inadmissible by the court was in fact a statement by plaintiffs, Mr. and Mrs. Arnold, to Mr. Rushing concerning closing of the loan, acceptance of the house as constructed, plus several items to be done on the house. Taking this statement as a whole, it cannot be said that plaintiffs were waiving the implied warranty set forth in L.S.A. C.C. art. 2520:
“Art. 2520. Redhibition, definition
“Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The court apparently felt that since Mr. Lloyd, for whom Rushing was acting, was not a party to the suit nor the sale contract, that the contents were irrelevant. We agree. Defendant also contends that the trial judge made an error in computing the amount of the judgment. The estimate for repairs was $2,195.00. The Court disallowed two items totaling $800.00 and reduced a third by $50.00. The judgment in the sum of $1,345.00 is correct.
Lastly defendant urges that the court should not have awarded attorney fees since defendant was not in bad faith inasmuch as defendant relied on the agreement plaintiffs signed (Proffer D-l) on April 29, 1977.
This is not the issue under L.S.A. C.C. art. 2545, which reads as follows:
“Art. 2545. Liability of seller for concealment of vice
“Art. 2545. The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.”
Most of the complaints listed in plaintiff’s petition are minimal and would normally have been corrected in a routine manner. The major defect is listed in paragraph (5), subparagraph (10) concerning roof leakage around the fireplace which in turn damaged the ceiling. This damage occurred in September, 1977, approximately five months after the sale. While the seller has a duty *642 to repair this defect, it would not have been a defect knowledgable to the seller at the time of the sale.
As we stated in Busenlener v. Peck, 316 So.2d 27 (La.App. 1st Cir. 1975), although the seller warrants the quality of the entire home so that the purchaser can recover for cost of repairs, purchaser is not entitled to recover attorney fees or damages beyond reduction of the purchase price where vendor was not in bad faith.
Several other items claimed in plaintiff’s petition such as broken window panes, lack of wallpaper, hardware for certain doors and cracked marble in a bathroom, were, or should have been, obvious to the purchaser. Therefore, there was no duty to declare these alleged vices.
For the above reasons, no attorney fees will be allowed.
For the above and foregoing reasons, the judgment of the trial court awarding a reduction in the sales price in the amount of $1,345.00 in favor of plaintiff and against defendant WDL Investment, Inc. is affirmed.
The judgment granting $350.00 in attorney fees to plaintiff is reversed and set aside, all costs of these proceedings to be paid by appellant.
AFFIRMED IN PART, REVERSED IN PART.