GULOTTA, Judge.
Appealing from a $1,500.00 reduction of a $24,000.00 purchase price on a residence for roof defects, defendant-seller contends plaintiff-purchasers failed to make an adequate pre-sale, simple inspection that would have disclosed the defect. We agree. Accordingly, we reverse.
The trial judge concluded that the roof defects existed at the time of purchase and were unknown to plaintiffs, but he made no finding regarding the discoverability of the defect through simple inspection of the premises.
Under LSA-C.C.Art. 2521, apparent defects such as the buyer might have discovered by simple inspection are not considered redhibitory vices.[1] In Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963), the Louisiana Supreme Court held that the term “inspection” as used in this Codal article is not a mere casual observation but “an examination of the article by the vendee with a view of ascertaining its soundness.” As pointed out in Pursell, the proper test is whether a reasonably prudent buyer would have discovered the vice. This is not to require the buyer, however, to examine the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects. See also, Kolwe v. Owens, 357 So.2d 1333 (La.App. 4th Cir. 1978).
In our case, although plaintiffs testified that they had found no evidence of water marks on the walls and ceilings in the house before the sale and were told there were no leaks upon inquiry of a tenant who lived in the house, it is apparent that they inspected only a portion of the interior. They chose to make an offer to purchase the residence with plans for renovating it without a prior inspection of the entire premises.
Plaintiffs’ renovation contractor observed during a simple inspection of the residence shortly after the sale that there were water stains on the ceilings and rotten plaster inside the house indicative of roof leakage at some time. Later inspection of the roof surface indicated that the cause of the leaks was the application of several layers of soft roofing over gaps in sheathing that was originally constructed for hard shingles. According to this witness, nails from the top layers of shingles were “poking” through gaps in the sheathing and required replacement of the entire roof.
It is clear that plaintiffs made only a cursory examination of a portion of the premises and failed to discern stains in the ceiling and plaster that were obvious to their contractor on his simple inspection.
*622 This conclusion of the inadequacy of plaintiffs’ inspection is supported by the real estate agent’s testimony that plaintiffs inspected the interior of only one side of the double house. Although plaintiffs did not expressly testify they had inspected only one side, it was incumbent on them to rebut the agent’s testimony if indeed they examined the entire interior of the residence.
We conclude plaintiffs failed to make a simple inspection that would have disclosed the defect and are not entitled to recovery.
Accordingly, the judgment is reversed and set aside. Plaintiffs suit is dismissed. Costs to be paid by plaintiffs.
REVERSED.

. LSA-C.C. Art. 2521 provides as follows:
“Art. 2521. Apparent defects discoverable by buyer
Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”