DUFRESNE, Judge.
The plaintiffs-appellees filed suit for red-hibition and/or quanti-minoris pursuant to their purchase from defendants-appellants on June 20,1978, of the premises and structure located at 813 Lafayette Street, Gret-na, Louisiana. Some ten months later, the plaintiffs contacted the defendants tendering a return of the property and a restitution of the purchase price plus expenses because of extensive termite damages. The tender was refused and this litigation proceeded.[1] After trial on the merits, the trial court rendered judgment in favor of the plaintiffs in the sum of $1,858.08 plus interest and costs. From this adverse judgment, the defendants appealed.
The only issue before us is whether the termite damage in the premises was discoverable by just a normal inspection of the premises. The trial court determined and concluded from the facts and evidence that neither the buyer nor the seller had ever discovered the termite infestation prior to the sale, even though the premises had been in the defendant’s family since the early 1930’s.
This case turns on an interpretation of Article 2521[2] of the Civil Code and the jurisprudence that follows.
In Pursell v. Kelly, 244 La. 323, 152 So.2d 36, at 41, (1963), the Louisiana Supreme Court held that the term “inspection” as used in this codal article is not a mere casual observation but “an examination of the article by the vendee with a view of ascertaining its soundness”. As pointed out in Pursell, the proper test is whether a reasonably prudent buyer would have discovered the vice. This is not to require the buyer, however, to examine the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects. Kolwe v. Owens, 357 So.2d 1333 (La.App. 4th Cir.1978).
In the case at bar, from the testimony and evidence, it is obvious that the plaintiffs and their agents did conduct an inspection of the premises prior to agreeing to purchase the property. Their inspection was more than a mere casual observation. Plaintiffs’ renovation contractors did not observe any evidence of extensive termite damage until, while in the process of repairing the building subsequent to the sale, they tore down a section located on the front part of the building. According to plaintiffs’ expert witness, Raymond J. Ullo, in places where the siding had been pulled off by the contractors or the present owners, he was able to see termite damaged sills. However, a prospective buyer is under no obligation to deface the structure while inspecting it. Although this building was in excess of fifty years old, weather beaten with water damage in several locations, the termite damage was not discoverable by simple inspection.
The trial judge, after reviewing the testimony and evidence, was convinced that the defects complained of by the plaintiffs existed at the time of sale; that they were not apparent; and that they were so serious as to warrant a reduction in the purchase price. This court will not disturb reasonable evaluations of credibility and inferences of fact absent, manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973). In this case, we find no manifest error in the judgment of the trial court. The record supports the trial judge’s conclusion that the plaintiffs are entitled to a reduction in the purchase price. Quantum is not at issue.
Accordingly, the judgment appealed from is affirmed. All costs of this appeal are to be paid by defendants-appellants.
AFFIRMED.

. Prior to trial, the plaintiffs sold the property and by stipulation they abandoned their pleas to rescind the sale and proceeded in quanti-mi-noris.

. L.S.A. C.C. Article 2521: “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”