BOUTALL, Judge.
This is a redhibition case. From a judgment in favor of the plaintiffs, the defendant has taken this appeal. We affirm.
The plaintiff, the law firm of Jones, Walker, Waechter, Poitevent, Carrere and Denegre, purchased from the defendant, Information System & Supply Co. Inc., a mobile filing system which was installed in the summer of 1978. The law firm had received proposals of several sellers of mobile systems, with an eye to acquiring additional space for storing existing files and for future expansion, before signing an agreement with the defendant. The purchase price was $29,436.00 plus tax.
The mobile filing system was designed to save the space occupied by aisles in a stationary system, through a track system that allows shelving units to move together. The shelf carriages were equipped with motors and were moved automatically by switches. A safety switch on the carriage turned off the motor when it made contact with the bumper of the adjoining carriage. The system was mounted on a “floating safety floor,” which deactivated the system when someone walked between two carriages.
The firm experienced problems with the system almost immediately, including burned out motors, safety switch and control switch problems, and excessive wear of all the machinery. Information System responded to all complaint calls, made some modifications to the system, and performed some repairs. After the system had been in place for a year and the manufacturer’s warranty had expired, the company began submitting bills for repairs, which Jones, Walker refused to pay. When the system had become inoperable as a mobile shelving and Information System refused to maintain it without charge, Jones, Walker filed suit in redhibition.[1] Information System answered and reconvened for charges for repairs and parts amounting to $1,840.84 plus interest, alleging Jones, Walker’s negligence caused the problems. The matter was tried before a judge, who found that the system did contain redhibitory defects. Instead of rescinding the sale he awarded the plaintiffs $20,801.44, representing a reduction in price. He denied the defendant’s reconventional demand. Information System appeals.
The issues before us are whether the law firm’s negligent misuse of the filing system caused its frequent breakdowns or whether the system was defective; if defective, whether the vice or defect was apparent.
The applicable articles of the Louisiana Civil Code are as follows:
article 2476, which states:
“The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibi-tory vices.”
article 2520:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
article 2521:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
article 2529:
“A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.”
and article 2530:
*816 “The buyer who institutes the redhi-bitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
The existence or not of a redhibi-tory defect is a question of fact and need not be established by expert testimony. Where machinery is involved, the required showing is that the device failed to perform properly in the manner it was intended to perform under conditions of normal use. Neck v. Coleman Oldsmobile, Inc., 356 So.2d 532 (La.App. 1st Cir.1977), and cases cited therein. The purchaser is not charged with the task of proving the underlying cause of a defect or problem with a complicated piece of machinery. He need only prove, by direct or circumstantial evidence, that the defect existed at the time of sale. Clinkscales v. Superior Pontiac—GMC, Inc., 365 So.2d 895 (La.App. 4th Cir.1978); Gamble v. Bill Lowrey Chevrolet, Inc., 410 So.2d 1155 (La.App. 3rd Cir.1982); Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3rd Cir.1975). However, the buyer is required to make not just a casual observation but an examination which would disclose defects to a reasonably prudent buyer. Pursell v. Kelly, 152 So.2d 36, 244 La. 323 (1963); Matthews v. Calamari, 411 So.2d 620 (La.App. 4th Cir.1982).
Information System admits that the filing system exhibited problems soon after its installation, but takes the position that improper use of the shelving caused the problems. The president of Information System, Jerry Maxwell, and Jerry Maxwell, Jr., a technician who helped install the system both testified that housekeeping in the file room was persistently sloppy and caused breakdowns of the system. Files extended beyond the legal size shelves (15 inches in depth), too many files were jammed into the space, and large, heavy items other than files were stored on the shelves and protruded. The overhang prevented contact between the moving carriage’s limit switch and the bumper on the opposite carriage, thereby causing the motor to keep running and eventually burn out. The system was subjected to excessive wear on virtually all components, including chains, axles, joints, and bearings. While the witnesses admitted that they had not given written instructions for use to Jones, Walker personnel, they said they had informed both the office manager and assistant office manager of the problem with overloading and overhang of the shelves on their initial repair calls.
The appellant argues further that if the problem was the depth of the shelves, the lawyers and managing personnel had years of experience with files, knew their own needs, and could have observed from the proposal that 15 inch shelves were too shallow. That is, if the system was defective, the defect should have been apparent to the buyers who reviewed proposals for a new mobile system.
Jones, Walker’s position is that the system’s breakdown resulted from poor design. The seller made some modifications to the system and recommended others to correct the problems. The alterations included adding bumper extensions to the carriages and extending limit switches, replacing with steel pins the epoxy which joined the axles together, installing motor tension adjustment brackets, and replacing limit switches with magnetic switches. The law firm’s witnesses, the manager and assistant manager, testified that they had shown the sellers their existing file shelves, with typewriters and supplies stored on them and bulky files overhanging. They relied on the company to recommend shelves that were suitable to their storage needs, as they had never previously had a movable system. When they transferred the existing files to the new system they stored them the same way as before, having received no instructions or warnings to the contrary. Mrs. Baham, the assistant manager, testified that nothing was said to her regarding improper filing until a year after the system’s installation, when a factory representative in *817 spected it. She immediately had the heavy supplies and typewriters removed and the files straightened, to no avail.
Resolution of the controversy in this case is clearly a matter of judging credibility. The trial judge considered the evidence and decided that Jones, Walker was correct in believing the mobile system was not designed to suit the purpose for which it was sold to the firm. In his reasons for judgment, the judge said that, “... If the possible over-hang of the objects was a potential problem, defendant, upon whose expertise petitioners relied, should have noted this and proposed a filing system which included deeper shelves, as such, a system was available. The Court holds that problems incurred by JONES, WALKER, WAECHTER, POITEVENT, CARR-ERE & DENEGRE with the system are redhibitory defects....”
He denied the defendant’s reconven-tional demand, because the repairs for which it sought payment were attempts to remedy redhibitory defects. He did not rescind the sale but because the shelf units were usable as fixed storage he set their value at one-third of the original price and awarded the plaintiff a diminution of two-thirds, amounting to $20,801.44 plus legal interest from date of demand.
Finding no manifest error, we affirm the judgment of the trial court in all respects.
AFFIRMED.

. The manufacturer of the equipment, International Products Company, was not named as a defendant as it apparently is no longer in business.