719 So.2d 679 (1998)
Ella Dutton COLLINS
v.
C. CURTIS and Vera Mann and The Prudential Louisiana Properties.
No. 97-CA-2348.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1998.
*680 Salvador Anzelmo, Michael James Laughlin. New Orleans, for Defendants/Appellants.
Rose Lain, New Orleans, for Plaintiff/Appellee.
Before BARRY, KLEES and McKAY, JJ.
McKAY, Judge.
The plaintiff-purchaser, Ella Dutton Collins, instituted this suit in redhibition against the defendants-sellers, C. Curtis and Vera Mann, for the recision of the sale of a private home. They base their claim on the grounds that the house had substantial defects at the time of their purchase which defendants were aware of and concealed. After trial on the merits, judgment was rendered in favor of the plaintiff for damages of $6,800.00 in addition to $2,500.00 for attorney's fees. Defendants appeal this judgment.
The property in question was purchased by the defendants in 1967 for the price of $23,000.00. Over time, the defendants needed more room and made an addition to the house in 1984. Pilings were not required by the building code and were not used. In fact, the original portion of the house is not resting on any pilings. Shortly after the addition was made settlement occurred. The defendants contacted a shoring company and consulted several engineers about the problem but ultimately decided to "live with it" when they weighed having the problem corrected against the cost of repair and the disruption the repair would cause to their home.
The defendants sold this home to plaintiff on September 30, 1994. At the time of the sale, the plaintiff was aware that the kitchen door would not open and that under the carpeting a "hump" existed at the juncture of the rear addition with the older construction. Mrs. Collins testified that Mr. Mann represented to her that the door was stuck because of "lack of use for many years" and the hump was "the beginning of one room and the end of another room." The plaintiff relied on what defendants had told her and believed that no serious problems existed.
By October of 1995, the plaintiff and her husband had managed to save some money and decided to go ahead and have the door repaired. A repairman from Hill-Behan came out to repair the door. However, he was unable to repair the door because it was stuck due to settlement of the foundation. At this point, plaintiff and her husband pulled back the carpeting and discovered *681 broken tiles and a crack running between the original slab and the slab for the addition. Plaintiff then contacted Mr. Mann to find out if he knew of the condition and if so whether he would do anything about it. Mr. Mann, in a December 4, 1995 letter to the plaintiff's former attorney, revealed that he was aware the door was stuck due to settlement and had contacted shoring companies about the possibility of having the problem corrected but had decided to "live with it" considering the cost of repair and the destruction within the house that would be necessary to carry out the repairs.
When it became apparent that Mr. Mann was not going to redress this problem, plaintiff brought this suit against the Manns. Here we must point out that a number of events occurred between the sale of the property and the discovery of the defects by the buyer that could have contributed to the problem. Plumbing work, which included digging under the slab in the general area of the crack was done several months after the sale. There was also a substantial flood in May of 1995 and a serious drought in the following months.
The trial court found that the defects in the home were redhibitory. However, the court did not deem them to be of a degree that would warrant the recission of the sale but only to reduce the price of the sale by $6,800.00 (the cost of shoring the house, driving pilings and the removal of a tree) and awarded $2,500.00 in attorney fees.
In our review, we must first determine whether the trial court erred in finding that a redhibitory defect existed. According to Civil Code Article 2520:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain recission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
The settlement and its effects was a defect of the latter type. The plaintiff relied on what she had been told by the defendants and believed that the door was stuck from non-use and could most likely be easily fixed. She believed the defendants' representations that the hump in the floor (which had been carpeted over) was an intended feature and not indicative of some sort of problem. Mrs. Collins did not realize the major undertaking required to correct the problems with the house. It is safe to assume that had she known this there would have been a reduction of the purchase price to take into account the cost of shoring up the house. This Court has found that where a defendant has concealed defects or information redhibitory defects can be found. Buchanan v. McMillan, 311 So.2d 469 (La.App. 4th Cir.1975), Leflore v. Anderson, 537 So.2d 215 (La.App. 4th Cir.1988).
Since we agree with the trial court that the defect was of such a nature as to warrant a reduction in price and that the buyer was not aware of this defect we must ask whether the buyer should have known of or discovered the defect in the house. The standard to be applied here is whether a reasonably prudent buyer of such things should have discovered the defect. La. C.C. art. 2521. Under this Article the buyer must make more than a casual observation of the object; he must examine the thing to ascertain its soundness. Matthews v. Calamari, 411 So.2d 620 (La.App. 4th Cir.1982), Guillory v. Sarpy, 177 So.2d 403 (La.App. 4th Cir.1965).
In the instant case Mrs. Collins made more than a casual observation. Two inspections were done before the sale; one by an agent of the sellers and the other by a company hired by the plaintiff. These inspections found some hairline cracks in the foundation but did not disclose the existence of a crack between the slabs nor did they reveal a major settlement problem. The buyers cannot *682 be expected to discover a defect that got past trained professionals.
The condition must have existed at the time of delivery to be redhibitory. La. C.C. art. 2530. It is clear from the record that the condition had existed since 1984. In his letter Mr. Mann admits that the sellers were aware of it but decided to live with it rather than go to the expense and inconvenience of correcting the problem. The fact that the sellers had knowledge of this condition is also important because it is this knowledge that keeps the plaintiff's claim from having prescribed. Normally, a claim for redhibition prescribes one year from the date of delivery of the property. However if the seller knew of the defect, the claim prescribes one year from the date of the discovery by the buyer. La. C.C. art. 2534. In this case, since the seller knew of the condition, the cause of action had not prescribed even though it was brought more than one year after the date of delivery.
We find that the trial court did not err when it found that a redhibitory defect (more correctly quanti minoris) existed in the property sold by the Manns to Mrs. Collins. However, we are unable to find any basis from the facts in the record to justify the amount awarded by the trial court and believe the amount to be excessive.
Appellate courts review the evidence in the light which most favorably supports the judgment to determine whether the trier of fact was clearly wrong. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). The trial court here awarded plaintiffs $6,800.00 which constituted $6,000.00 for driving twelve pilings and shoring the addition, and $800.00 for the removal of a tree.
There is no basis for the plaintiffs being awarded pilings and removal of a tree when it is clear they were aware that the house had no pilings when they entered into their purchase.
The trial court, by awarding to plaintiffs the value of removal of a tree and pilings has put them in a better position than they had originally bargained for. Furthermore, it is possible that although the condition existed at the time of the sale it was exacerbated by subsequent events. Therefore, it is our opinion that the award to plaintiffs should not include the costs for the removal of a tree nor for the driving of pilings. Given this reduction in the award, it is only proper that attorney's fees should also be reduced.
Considering the foregoing, we affirm the trial court's finding that a redhibitory defect existed in the home. However, we find that the court erred in its determination of damages and therefore reduce damages to $3,400.00. We also reduce attorney's fees to $1,250.00.
AFFIRMED IN PART AND AMENDED.