286 So.2d 430 (1973)
Earl V. PICKEREL, Plaintiff-Appellant,
v.
Ernest Lee LONG, Jr., Defendant-Appellee.
No. 12180.
Court of Appeal of Louisiana, Second Circuit.
November 13, 1973.
*431 T. K. Giddens, Jr., Shreveport, for plaintiff-appellant.
G. A. O'Steen and Joseph R. Bethard by Joseph R. Bethard, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is a suit by Earl V. Pickerel, appellant, seeking to rescind a sale of a lot and residence to him by Ernest Lee Long, Jr., for redhibitory vices existing at the time of sale, or, in the alternative, a diminution of the purchase price. On July 7, 1970, Pickerel purchased from Long two lots with a dwelling thereon. The deed shows a cash payment and assumption of an existing mortgage indebtedness against the property in the form of a general warranty with the additional typed-in clause:
"Vendor warrants that the improvements are in sound condition, that the roof does not leak; that the hot water system, electric system, pipes and all other appliances are in good working order."
Pickerel alleges he discovered defects in the residence after he was given possession in August, 1970. The major defects consisted of settlement of the brick veneer wall foundation resulting in large cracks around windows and separation of the bricks in several places in the wall, but more pronounced at the southwest corner of the dwelling. Long did not construct the residence, but had purchased it in August, 1964 and lived in it until delivery to Pickerel. In addition to defects in the brick veneer wall, Pickerel alleges the kitchen floor and an area near the bathroom had buckled.
The evidence does not sustain such claims to floor damage. However, the evidence does reveal the brick veneer wall separation and cracks existed as early as 1968. Long testified he filled these cracks by caulking with a substance to prevent rain or dampness to enter. Long also testified the cracks were readily apparent to anyone.
Pickerel testified he never was told by Long about the settlement of the foundation of the brick veneer wall and resultant defects and discovered them only after moving into the house in August, 1970. Long and his wife stated the separation of the bricks was called to Pickerel's attention during Pickerel's inspection prior to purchase. Pickerel and his wife deny this and contend they would not have completed the *432 purchase if these defects had been brought to their attention.
LSA-C.C. Art. 2521 provides:
"Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."
Pickerel bore the burden of proving these defects were hidden. The trial court held the defects were readily apparent and Pickerel should have discovered them by simple inspection, and dismissed the suit.
The important question here is whether the cracks in the brick veneer wall, resulting from shifting of the soil on which the foundation rests, were discoverable by simple inspection.
The trial judge visited the premises after hearing the evidence and stated such defects or cracks were clearly apparent.
James Prock and Reese Dowden, witnesses for plaintiff, testified anyone on casual inspection could see the cracks in the brick wall.
In Pursell v. Kelly, 244 La. 323, 152 So. 2d 36 (1963) our Supreme Court stated:
"Article 2521 of the Civil Code excludes, from the vices for which redhibition may be demanded, apparent defects `that is, such as the buyer might have discovered by simple inspection ...'. Inspection as defined by Webster's New International Dictionary, 2nd Ed., means a strict or prying examination. This connotes more than mere casual observation; it envisages an examination of the article by the vendee with a view of ascertaining its soundness. However, the Code limits the exclusion of warranty to those defects discoverable by a simple inspection. This, it is manifest, relieves the buyer of examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects." [152 So.2d 36, 41]
The court further stated:
"The proper test to be applied to this case, we think, as in all other cases of this kind, is whether a reasonably prudent buyer acting under similar circumstances, would have discovered the presence of termite damage [here separation of bricks in the veneer wall] in the premises...." [152 So.2d 36, 41]
We agree with the conclusion of the trial judge the defects complained of by Pickerel were clearly evident and should have been discovered by him upon inspection.
Pickerel further contends Long agreed to a special warranty by adding the following clause in the deed:
"Vendor warrants that the improvements are in sound condition...."
Our jurisprudence uniformly is in all sales there is an implied warranty the object sold is fit for the purpose intended, which warranty can only be avoided by express and explicit waiver. LSA-C.C. Arts. 2520, 2541 and 2542. California Chemical Company v. Lovett, 204 So.2d 633 (La.App.3d Cir. 1967); A. A. Gilbert Pipe & Supply Company v. Cassard, 240 La. 180, 121 So.2d 736 (1960). The specific statement "Vendor warrants that the improvements are in sound condition..." can only be an effort to put in clear language the legal rights already given Pickerel by the deed unless modified. The repetition of the warranty is redundant and adds nothing to his rights.
Pickerel seeks as an alternative to rescinding the sale, an action in quanti minoris or diminution in the price paid. In Bayou Rapides Lumber Company v. Davies, 221 La. 1099, 61 So.2d 885 (1952) the court stated:
"On the trial of the case on the demand for redhibition the issue was raised as to whether or not the defects complained of were latent or apparent because the plaintiff, defendant in reconvention, contended *433 that they were apparent and as such were not redhibitory vices. In this connection Art. 2521 of the LSA-Civil Code provides as follows: `Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices', and since by the terms of Art. 2544 of the LSA-Civil Code, `The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action' it follows that if the defects complained of by the defendant, plaintiff in reconvention, were apparent, that is, such as he `might have discovered by simple inspection,' he cannot recover." [61 So.2d 885, 887, 888]
We have here found the defects were apparent to Pickerel by simple inspection; therefore, he is not entitled to a reduction of the purchase price.
The judgment of the trial court is affirmed.
Affirmed.