583 So.2d 580 (1991)
Elbert R. ARMSTRONG, Plaintiff-Appellee,
v.
Robert A. WOLF and Clara Wise Pitts Wolf, Defendants-Appellants-Appellees, and
JTS Realty Corporation and Joseph T. Spinosa, Defendants-Appellants.
No. 89-1329.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
Rehearing Denied August 9, 1991.
*581 Broussard, Bolton, Halcomb & Vizzier, Alexandria, for plaintiff-appellee.
Hoffman, Sutterfield, Ensenat & Bankston, Daniel Rester, Baton Rouge, for defendant-appellant JTS Realty Corp.
Percy, Smith, Foote & Honeycutt, David Smith, Alexandria, for defendants-appellants-appellees Robert A. Wolf and Clara Wise Pitts Wolf.
Gold, Weems, Bruser, Sues & Rundell, Randall L. Wilmore, Alexandria, for defendant-appellee Bank.
Before DOMENGEAUX, C.J., and FORET and DOUCET, JJ.
DOMENGEAUX, Chief Judge.
Elbert R. Armstrong sued Robert A. Wolf and Clara Wise Pitts Wolf (hereinafter collectively referred to as Wolf), JTS Realty Corporation, and Joseph T. Spinosa for the amount due on a promissory note. The defendants separately filed third party demands seeking indemnification from Rapides Bank and Trust Company in Alexandria. Wolf also filed a cross-claim for indemnification against JTS Realty and Spinosa.
After a bench trial, judgment was rendered in Armstrong's favor on the main demand and in Wolf's favor on the cross-claim. All third party demands against Rapides Bank were denied. Wolf, JTS Realty, and Spinosa have appealed. We affirm in part, reverse in part, and remand.

FACTS
Elbert Armstrong and his two brothers, Thomas and Rufus Armstrong, sold two parcels of land in Alexandria to Wolf in the 1970s. As consideration for the sale, the Armstrongs received a promissory note paraphed with a vendor's lien and mortgage.
In 1985, Wolf agreed to sell the property to JTS Realty. In order for JTS Realty to obtain financing for the sale, Wolf approached the Armstrongs about releasing the mortgage. Thomas and Rufus agreed to accept payment in full and release the lien and mortgage. For tax reasons, Elbert required that his portion of the debt be paid out in annual installments.
As part of the sale contract between JTS Realty and Wolf, JTS Realty paid the indebtedness owed by Wolf to Thomas and Rufus. Wolf then executed a new promissory note in favor of Elbert Armstrong in the amount of $71,160.86. The note was secured by collateral described in a Substitution of Collateral Agreement entered into by Wolf and Armstrong. The agreement called for a letter of credit, cash, or United States government securities to be put up as collateral. On the same day, Wolf assigned to JTS Realty and Spinosa the obligations and duties owed by Wolf to Armstrong pursuant to the new promissory note which were described in the Substitution of Collateral Agreement. JTS Realty and Spinosa, individually, accepted the assignment. This assignment was also part of the purchase price of the land in question.
Pursuant to these agreements, a letter of credit was issued by Capital Bank in Baton Rouge to Wolf guaranteeing funds held by its account holder, JTS Realty. Armstrong released the vendor's lien and mortgage. The letter of credit was given to Rapides Bank, which had agreed to receive payments for Armstrong and service the letter of credit for Wolf. Wolf agreed to pay Rapides Bank an annual fee of $150.00 for its services.
This cause of action arose when the letter of credit, which had been issued for a one year period, expired, and JTS Realty and Spinosa refused to make any more payments on Wolf's debt to Armstrong. The letter of credit was issued on December 27, 1985, and expired on December 27, 1986. Payments on the note were made in March of 1986 and March of 1987. Throughout 1986, and until the second payment in 1987, Rapides Bank requested and demanded that JTS Realty and Spinosa issue another letter of credit for 1987, reflecting the current amount due on the note. After the second payment was made, *582 Spinosa informed Ed Crump at Rapides Bank that he would no longer make any payments on the note. Wolf was not aware that JTS Realty did not issue a new letter of credit, and Wolf therefore did not call in the note before the collateral was lost.

APPEAL BY JTS REALTY AND SPINOSA
Spinosa raises four assignments of error on appeal, three of which pertain to the merits of the main demand. JTS Realty joins in two of the issues raised. JTS Realty and Spinosa first argue the trial court erred in failing to dismiss Armstrong's claims against them as their liability would be limited solely to the security of the letter of credit which expired in 1986. They contend the transactions herein limit Armstrong's cause of action to an in rem action against the pledged property primarily because the Substitution of Collateral Agreement which was a part of this transaction did not contain a deficiency provision.
We find no merit to this position. The absence of a specific deficiency provision simply means the contracting parties intended to bind themselves to the laws generally governing such a contract. La. C.C. art. 2054. Furthermore, the documents evidencing the transactions herein clearly indicate JTS Realty and Spinosa's assumption of Wolf's obligations to Armstrong exceeded the obligation to pay under the letter of credit. They assumed "all of the rights, duties and obligations in connection with that certain Substitution of Collateral Agreement" and "all obligations due in connection with all notes payable to all of the above named Armstrong/Pledgees." Destruction of the pledged security, or the expiration of the letter of credit, does not extinguish these underlying obligations. The trial court properly assigned liability to JTS Realty and Spinosa.
Spinosa next contends the trial court erred in finding him personally liable for the debt evidenced by the note at issue herein. While it is true Spinosa signed numerous documents in these transactions only in the capacity of guarantor or as the representative of JTS Realty, it is undisputed that he signed the Assignment of Substitution of Collateral Agreement in his individual capacity. Spinosa's intention in signing as such is not relevant to this dispute. Whether he inadvertently signed individually, or whether it was done to satisfy Armstrong, does not alter these facts: Throughout the text of the assignment, Spinosa is described as an assignee. Further, he signed the document twice, once as the president of JTS Realty and once in his individual capacity. We need not look further to determine Spinosa's intent. The trial court properly found personal liability on the part of Spinosa.
Because we have affirmed the trial court's decision concerning Spinosa's personal liability, we need not address his contention that he should be released as the guarantor of JTS Realty, given the actions of Rapides Bank and/or Armstrong in failing to obtain a renewal of the letter of credit issued by Capital Bank.
The final assignment of error raised by JTS Realty and Spinosa pertains to their third party demand against Rapides Bank. They contend that in accepting the assignment of Wolf's obligations under the Substitution of Collateral Agreement and promissory note to Armstrong, they also accepted or assumed any cause of action Wolf may have against Rapides Bank for breach of contract.
The obligations of Rapides Bank consist of the duty to service, administer, or maintain the letter of credit as security for a debt owed by JTS Realty and Spinosa to Wolf for the benefit of Armstrong. As the administrator of the security, Rapides Bank owed certain duties to Armstrong and Wolf, but owed nothing to the debtors, JTS Realty and Spinosa. Rapides Bank was not a party to any of the transactions herein; rather, Rapides Bank was retained separately for the exclusive benefit of Armstrong and Wolf. JTS Realty and Spinosa did not become ad hoc parties to that relationship and do not have any cause of *583 action against Rapides Bank. Their third party demand was properly dismissed.

WOLF'S APPEAL
Wolf has not appealed the judgment rendered against him in the main demand. He assigns as error only the trial court's dismissal of his third party demand against Rapides Bank. Wolf's demand is premised on two arguments. First, the Bank's agency relationship with Wolf required the Bank to call in the note before the letter of credit expired. Alternatively, at the very least, the Bank had an obligation as Wolf's fiduciary or agent to timely notify Wolf of the upcoming expiration of the letter of credit so that Wolf could call in the note or obtain other security.
A mandatary or agency relationship is described and defined at Title XV of the Louisiana Civil Code. Generally, the terms of such a relationship need not be expressed or in writing. Article 2995 grants to a mandatary an "indefinite power to do whatever may appear conducive to the interest of the principal." However, Article 2997 lists certain powers of a mandatary which must be express. Ultimately, a mandatary's authority may be inferred from the profession or functions he exercises. La.C.C. art. 3000. A mandatary is bound to discharge the functions of the mandate and is liable to the principal for damages which may result from his nonperformance, whether such nonperformance is due to the fault, neglect, or fraudulent acts of the mandatary. La.C.C. arts. 3002, 3003.
In the case before us, Ed Crump testified as the Rapides Bank trust officer who administered what he called the Armstrong Agency Account. His testimony indicates Wolf paid a fee to Rapides Bank for the Bank to service the letter of credit. He realized the Bank represented the interests of Wolf by holding a note and a letter of credit payable to Wolf. He admitted he should have notified Wolf that the letter of credit was about to expire. In short, Crump admitted the Bank's fault in failing to secure the collateral and in failing to alert Wolf of the need to call in the note. These admissions, plus the testimony of Wolf which reflects Wolf's assumptions and expectations concerning the role of the Bank, evidence a mandatary relationship between Wolf and the Bank. At the very least, Rapides Bank was required to alert Wolf of the impending expiration of his collateral. Having neglected to do so, Rapides Bank is liable to Wolf for damages. Because Wolf was successful in his cross-claim against JTS Realty and Spinosa, we are unaware of what amount of damages Wolf has incurred, and we therefore remand to the trial court for a determination of Wolf's damages.

DECREE
For the foregoing reasons, the judgment of the trial court in favor of Armstrong and against Robert A. Wolf, Clara Wise Pitts Wolf, JTS Realty Corporation, and Joseph T. Spinosa is affirmed. Concerning the incidental demands, the judgment in the Wolfs' favor on their cross-claim against JTS Realty and Spinosa is affirmed; the judgment dismissing the third party demand of JTS Realty and Spinosa against Rapides Bank is affirmed; and the judgment in favor of Rapides Bank against the Wolfs on their third party demand is reversed, rendered in the Wolfs' favor, and remanded for a determination of damages. Costs of this appeal are assessed to JTS Realty Corporation and Joseph T. Spinosa.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.