506 So.2d 743 (1987)
Betty Jo Tindell, Wife of/and Raymond SIEVERT
v.
Mrs. Maurine Smith Miller HENDERSON.
No. CA 86 0096.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Robert R. Rainold, New Orleans, for plaintiffs, appellants.
*744 James A. Babst, Alexander Breckenridge, IV, New Orleans, for defendant, appellee.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
This is a suit in quanti minoris wherein plaintiffs, Raymond L. and Betty Tindell Sievert, asked for a reduction of $30,000.00 in the price of residential property they purchased from defendant, Maurine Smith Miller Henderson.
After trial, the trial court dismissed plaintiffs' suit. They now appeal and raise the following assignments of error:
1. The trial court erred in finding that water stains on the baseboard and floor of the den should have been discovered by simple inspection.
2. The trial court erred in finding that plaintiffs were placed on notice before the sale that the house had settled, and that they are precluded from claiming this settling as a redhibitory defect.
3. The trial court erred in finding that the age of the air conditioning and heating systems was not a principal motive for the purchase for the property.

FACTS
Mr. and Mrs. Sievert, the buyers, have been married thirty-seven years and had lived in New Orleans all of that time. They had owned two houses before purchasing the one that is the subject of this lawsuit. Mrs. Henderson, the seller, had lived in this home near Mandeville in St. Tammany Parish for eleven years, having been widowed in July 1981.
Mrs. Sievert first toured the house with a real estate agent in September 1982. That same evening, Mr. Sievert, a CPA, joined his wife on her second visit. They stayed "in excess of an hour" and walked in every room of the house. They did not open or close any doors in the house.
It is undisputed that there was a white water stain on the finished brick floor of the den, along the outer wall beneath the windows. Plaintiffs testified that prior to their purchase of the house, they were unable to see the discoloration because of the rug and furniture in the room.
Plaintiffs noticed the door to the guest bathroom was propped open. They also saw a crack on the outside of the shower stall. Mrs. Sievert questioned Mrs. Henderson about the crack. Mrs. Henderson responded, "If you have lived in the New Orleans area, you know that houses nineteen years of age all settle." Mr. Sievert testified he also saw one or two cracks beneath the windows in the master bedroom, but that he was not concerned with them since they were "normal wear and tear."
The Sieverts returned to the house around 10:00 that same evening to sign a purchase agreement. Mrs. Henderson was asking $120,000.00 for the house, but accepted the Sieverts' offer of $110,000.00. Mr. Sievert testified he took the crack in the bathroom into consideration in making this offer. A listing agreement had also been executed in August 1982 and stated that the furnace and air conditioning had been replaced "approximately 3 years ago."
Before the act of sale was passed on November 30, 1982, the Sieverts visited the house once more with their children and grandchildren. This visit also lasted approximately an hour. They moved into the house on December 8, 1982.
After moving into the house, plaintiffs noticed the floor stain in the den and discovered that both doors in the guest bedroom would not stay closed. In February 1983, they called Mr. Herbert C. Sanders, a civil engineer, to inspect the house. Plaintiffs then discovered that most of the doors had been cut or shaved and the cracks had progressed. Mr. Sanders advised the Sieverts that the house had experienced differential settlement and that the left front corner was approximately six inches lower than the left rear corner. Mrs. Henderson was unaware of the differential settlement, but did know that some of the doors had been sawed off at the bottom to make them function properly.
*745 Mr. Sanders testified he routinely inspects houses for prospective buyers who suspect a house is settling. He submitted an estimate of $10,200.00 to correct the problem in the Sieverts' house. Other experts in shoring or replacing foundations also testified and gave recommendations such as removing shrubbery, replacing shaved doors, repairing the cracks, and repainting walls and ceilings.
The evidence in the case also shows that the furnace had been installed on October 17, 1973, and the air conditioner on November 7, 1977. The trial court found that plaintiffs had not seen the listing agreement's representation that both pieces of equipment had been replaced approximately three years ago at the time they signed the purchase agreement. After trial, judgment was rendered in favor of Mrs. Henderson.

WATER STAIN
The action for reduction of price or quanti minoris is subject to the same rules that govern an action in redhibition. La. C.C. arts. 2541 and 2544. To recover in an action in quanti minoris, a party must prove a latent defect, its existence at the time of sale, and the extent of reduction. La.C.C. arts. 2520, 2521, 2530, 2541 and 2544. If the defects complained of by the purchaser are apparent, that is, such as the purchaser might have discovered by simple inspection, the purchaser cannot recover.
Mrs. Henderson's son testified that it was not difficult for him to notice the stain against the wall in the den. He stated that there was "a good deal of space between the edge of the rug and the wall and the furniture was sufficiently spaced where you could see substantial portions of the floor."
We agree with the trial court that a reasonably prudent buyer would have made a simple inspection and discovered the water stain on the den floor. Inspection means a strict or prying examination. It connotes more than mere casual observation and envisages an examination of the article by the vendee with a view of ascertaining its soundness. However, the Civil Code limits the exclusion of warranty to those defects discoverable by simple inspection, with no duty on the buyer to examine the inner or hidden parts of the object in a manner that might deface the thing purchased. Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963); Barker v. Tangi Exterminating Co., 448 So.2d 690 (La.App. 1st Cir.1984), writ denied, 452 So.2d 171 (La.1984). Plaintiffs are thus precluded from recovering on this basis.

SETTLEMENT
The proper test to be applied in cases of this kind is whether a reasonably prudent buyer acting under similar circumstances would have discovered the differential settlement problem prior to the act of sale. See Pursell, 152 So.2d at 41. We find that plaintiffs' observations of the cracks, along with Mrs. Henderson's declaration as to the settling of all houses that age, should have put plaintiffs on notice that a problem may exist with the house. The settling was evidenced by the cracks and failure of the doors to close properly. It therefore became plaintiffs' duty to make further investigation. When the defect complained of is partially apparent, the buyer who, nevertheless, purchases the thing without further investigation must be held to have waived his right to sue in quanti minoris. Pursell, 152 So.2d at 41.

AIR CONDITIONING AND HEATING SYSTEMS
La.C.C. art. 2529 provides that "[a] declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase."
We agree with the trial court that the age of these units was not the principal motive for buying the house. The evidence shows that routine maintenance has been performed and the units have operated satisfactorily. It was also not proven that any defect existed prior to the sale of the house.
*746 The ultimate question of the existence of a redhibitory vice is a question of fact for the trial judge which should not be disturbed in the absence of manifest error or abuse of the wide discretion afforded him. Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980).
For the above and foregoing reasons, the judgment of the trial court is affirmed in favor of defendant-appellee, Maurine Smith Miller Henderson. All costs of this appeal are to be paid by plaintiffs-appellants, Raymond L. and Betty Tindell Sievert.
AFFIRMED.