SCHOTT, J., Pro Tem.
On the application of Rhondalyn Tan-war, Mohan Tanwar and Tanwar, Inc. [hereinafter referred to as “Tanwar”], we grant certiorari in order to review a judgment of the trial court sustaining exceptions of prescription and no cause of action and dismissing relators’ reconventional demand against respondents, Shopeze Food Stores, Inc. and Raymond L. Davis.
On March 4, 1994, relators purchased from Shopeze an ongoing business (including furniture, fixtures and equipment) known as “Everybody’s Food & Deli,” for $45,000 and on the same day, signed an agreement to sublease from Shopeze the premises on which the business was being operated. Soon after taking over the business, Tanwar began experiencing plumbing and electrical problems. On June 30, 1994, when Mohan Tanwar was in the store conducting business, a portion of the ceiling collapsed above him, and a rat fell *648 on his head. Apparently due to continuing problems with the plumbing, electricity and rodent infestation, Tanwar closed the business and vacated the premises on February 12, 1995. At that time, while attempting to move out the storage cabinets, Tanwar discovered | ^underneath one of the cabinets an open sewer drain hole, which provided easy access for rats into the premises.
Between May 5 and 11, 1995, Shopeze filed suit against relators for cancellation of the lease and damages. On June 29, 1995, relators answered the suit and asserted a reconventional demand in redhibition against Shopeze, alleging that the open sewer drain hole was a latent defect which Shopeze knew about, but failed to disclose at the time of the sale. Relators alleged that this defect had resulted in a rodent 'infestation and in plumbing and electrical problems, allegedly caused by the rodents chewing the wiring, all of which had rendered the premises unfit for the intended purpose. By amendment to the reconventional demand, relators added Raymond Davis, president of Shopeze, as a defendant.
Relators and Shopeze each filed motions for summary judgment; in addition, Sho-peze and Davis filed an exception of prescription as to relators’ redhibition claim, and Davis filed an exception of no cause of action as to relators’ claims against him individually. The trial court denied both motions for summary judgment, but sustained the exceptions. Relators then filed this writ application complaining only of the sustaining of the exceptions.
EXCEPTION OF PRESCRIPTION
In his reasons for judgment, the trial judge stated that he granted the exception because he found that relators “had constructive notice of the rat and roach infestation and the plumbing and electrical problems soon after assuming possession of the business and the premises.” Supporting this conclusion are: (1) The allegation, in Paragraph 16 of the reconventional demand, that relators began operating the business on March 14, 1994, and “for approximately three months | athereafter experienced plumbing and electrical problems on the premises;” and (2) The fact that relators entered into a contract for basic pest control service on May 3, 1994, more than one year prior to the filing of the reconventional demand on June 29,1995.
According to La. C.C. art. 2534, the action for redhibition against a seller prescribes in one year from the day the defect was discovered by the buyer. Therefore, relators argue that they did not “discover” the redhibitory defect, within the meaning of the article, until at least June 30, 1994, when the rat fell on Mr. Tanwar’s head, or more probably until February 1995, when Mr. Tanwar found the open sewer drain hole.
This argument is persuasive. Because a redhibitory defect is by definition one which “renders the thing useless or its use so inconvenient that it must be presumed that the buyer would not have bought the thing had he known of the defect” (C.C. art. 2520), it seems that a general allegation of plumbing and electrical problems would not be sufficient to start the running of prescription in this case. Nor-does it seem that a general, basic pest control contract for one year of monthly service to control “rats, mice, roaches, waterbugs, ants, silverfish, earwigs, crickets and grasshoppers” would be sufficient to indicate discovery of a rat infestation serious enough to constitute a redhibitory defect. This court has held that prescription on a redhibition claim does not begin to run from the time the buyer first experiences problems, but from the time when the buyer discovers that the cause of those problems is a redhibitory defect. See Beth Israel v. Bartley, Inc., 579 So.2d 1066, 1072 (La.App. 4th Cir.1991), writ denied, 587 So.2d 696 (La.1991) (Prescription does not begin to run until plaintiff has actual or constructive Lknowledge of tortious act, damage *649 caused, and causal relationship between tortious act and damage).
The party pleading prescription has the burden of proof. Insurance Storage Pool, Inc. v. Parish Nat. Bank, 97-2757 (La.App. 1 Cir. 5/14/99), 732 So.2d 815. From the writ application, its supplement, and the responses, we have concluded that Shopeze has not carried its burden of proving that relators “discovered” the alleged redhibitory defect more than one year prior to filing their reconventional demand.
EXCEPTION OF NO CAUSE/ RIGHT OF ACTION
The trial court granted this exception and dismissed relators’ demand against Raymond Davis, in his individual capacity, finding that Mr. Davis was acting in his representative capacity as the president of Shopeze and not in his individual capacity.
The merits of this exception must be determined based on the pleadings. The pleadings support the trial judge’s conclusion. Paragraphs 13, 14 and 15 of the reconventional demand relate to Mr. Davis. In these paragraphs, relators allege that prior to their acquisition of the premises, they made an inspection of the condition of the premises with Mr. Davis, who “individually and on behalf of Shopeze Food Stores” assured them that the premises were sound and fit for the intended purpose. According to the allegations, Mr. Davis further assured relators “on numerous occasions that the premises and all appliances and fixtures were sound and in good working order....” In paragraph 26 of the first amendment to the reconven-tional demand, relators allege that Sho-peze and Raymond Davis “knew of the defects complained of....”
| ¡/These are mere conclusory allegations, unaccompanied by any facts to indicate Mr. Davis was acting in anything other than his representative capacity as president of Shopeze. The trial judge did not err in sustaining this exception. However, the trial court failed to comply with article 934 of the Code of Civil Procedure, which provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed.
As the exception of no cause/ right of action is peremptory (La. Code Civ. Pro. Art. 927), the trial court should have granted relators a reasonable amount of time within which to amend their recon-ventional demand to state a cause of action against Raymond Davis. Therefore, we find the trial court erred in dismissing the reconventional demand prematurely, and order the court on remand to give relators leave to amend.
Accordingly, that portion of the judgment sustaining the exception of prescription filed by Shopeze Food Stores, Inc. and dismissing relators’ reconventional demand against it is reversed. That part of the judgment sustaining the exception of no cause or right of action filed by Raymond Davis is affirmed, but the dismissal of relators’ action against Mr. Davis is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
MURRAY, J., concurs for additional reasons.