973 So.2d 165 (2007)
Arlin SPRAGGINS and Katie Spraggins, Plaintiffs-Appellants
v.
Clyde LAMBETH, Jr., Defendant-Appellee.
No. 42,693-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
David L. White, APLC, Bossier City, for Appellants.
Jeff R. Thompson, APLC, Bossier City, for Appellee.
Hilburn & Hilburn, P.C. by Cary Allen Hilburn, Shreveport, for Acadiana for Acadiana Inc.
Before GASKINS, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises from a summary judgment granted in favor of Defendant, *166 Clyde M. Lambeth, Jr. ("Lambeth"), and dismissing the claims in redhibition of Plaintiffs, Arlin and Katie Spraggins ("Spraggins"). For the reasons stated herein, we affirm.

FACTS
The Spraggins purchased a home located in Bossier City from Lambeth on June 30, 2005, for a purchase price of $132,000. Within a couple of months of moving into the home, the Spraggins began experiencing problems with the roof due to damage from Hurricane Rita. During the repair process, the Spraggins discovered additional damage of which they were not previously aware, including separation of the beams in the attic, inadequate bracing and unconnected rafters. The Spraggins then hired an engineer to inspect their home, who found significant foundation problems that were causing the house to sink.[1] The Spraggins then filed this suit in redhibition seeking rescission of the sale or, alternatively, seeking a reduction in purchase price due to alleged latent defects that existed prior to the sale and which were not disclosed to them.
Lambeth answered the suit, denying all of the redhibitory allegations. He attached to the answer a copy of a "Property Condition Disclosure Form" completed by him and provided to the Spraggins prior to the closing of the sale. Lambeth subsequently filed a motion for summary judgment, arguing that the Spraggins had the benefit of the disclosure form, on which he had made full disclosure of his knowledge of the condition of the property and which had been initialed by the Spraggins. Lambeth further argued that the Spraggins had elected not to have the property inspected prior to the sale. The Spraggins opposed the motion, arguing that, although they were aware of cracks in the patio and floor of the home, they accepted the explanations of the presence of the cracks given them by their realtor and a representative of their mortgage company. In addition, the Spraggins submitted that their realtor told them that they did not need a home inspection; and, as first-time home buyers, the Spraggins accepted the assurances. For these reasons, the Spraggins urged that this matter was better suited for a trial on the merits rather than summary judgment. The trial court disagreed, reasoning that a prudent person having seen the visible cracks in the floor and patio and armed with a disclosure form that specifically noted the cracks and indicated that the seller had no knowledge of any foundation issues would have sought out further inspection of the property prior to purchasing it. Accordingly, the trial court granted summary judgment in favor of Lambeth and this appeal ensued.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, *167 speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355.
Initially, the movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827 (La.5/22/07), 958 So.2d 634.
The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Mosley, supra.
The warranty against redhibitory defects is contained in La. C.C. art. 2520:
The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price,
The seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale or, for defects that should have been discovered by a reasonably prudent buyer of such things. La. C.C. art. 2521.
To determine whether a defect is apparent, courts consider whether a reasonably prudent buyer, acting under similar circumstances, would discover it through a simple inspection of the thing sold. A simple inspection is more than a casual observation; it is an examination of the article by the buyer with a view of ascertaining its soundness. Stuck v. Long, 40,034 (La.App.2d Cir.8/17/05), 909 So.2d 686, writ denied, 05-2367 (La.3/17/06), 925 So.2d 546, citing Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183. Whether I an inspection is reasonable depends on the facts of each case and includes such factors as the knowledge and expertise of the buyer, the opportunity for inspection and the assurances made by the seller. Stuck, supra; Morrison v. Allstar Dodge Inc., 00-0398 (La.App. 1st Cir.5/11/01), 792 So.2d 9, writ denied, 01-2129 (La.11/2/01), 800 So.2d 878. If the defect is, apparent and could have been discovered by simple inspection, a plaintiff has a duty to make a further investigation. A failure to do so waives the right to sue in quanti minoris. Dage v. Obed, 40,414 (La.App.2d. Cir.12/14/05), 917 So.2d 713.
The material facts in the case sub judice are not in dispute. In support of his motion for summary judgment, Lambeth provided his affidavit and the disclosure form, which expressly listed in Section 3: Structure, that "defects" existed in the floor, porch and patio. Lambeth wrote "cracks in each" as a description of the *168 "defects." Also on the disclosure form, Lambeth marked the box labeled "no knowledge" for any defects in the foundation of the home. In addition, the Spraggins acknowledge that they saw the cracks in the floor and patio. This visual inspection revealed apparent and observable defects which would have put a reasonably prudent buyer on notice that further investigation was warranted. For various reasons, the Spraggins elected not to conduct further inspection or investigation.
In some circumstances, a cracked foundation may be truly hidden, creating liability for the seller. Nesbitt v. Dunn, 28,240 (La.App.2d Cir.4/3/96), 672 So.2d 226; Collins v. Curtis, 97-2348 (La.App. 4th Cir.9/30/98), 719 So.2d 679, writ denied, 98-2755 (La.12/18/98), 734 So.2d 641. We note, however that a crack or separation in the outer brick has been held to be readily apparent to the buyer, satisfying art. 2521. See Pickerel v. Long, 286 So.2d 430 (La. App. 2d Cir.1973). While we are sympathetic to the Spraggins as first-time home buyers, we conclude that their failure to make further inspection constitutes a waiver of any complaints of redhibitory defects in the foundation of the home. Dage, supra.

CONCLUSION
For the foregoing reasons, the summary judgment in favor of Defendant, Clyde M. Lambeth, Jr., and dismissing the claims of Plaintiffs, Arlin and Katie Spraggins, is affirmed at Plaintiffs' costs.
AFFIRMED.
NOTES
[1] As mentioned by the trial court in its "Opinion/Order," all of the problems noted in the home, including the problems with the roof and specifically the separation of beams in the attic, were ultimately found to be related to the condition of the foundation.