990 So.2d 126 (2008)
Robert Ewing GADPAILLE, et al., Plaintiff-Appellants,
v.
Keith William THOMAS, et al., Defendant-Appellees.
No. 43,412-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*127 Richie, Richie & Oberle, L.L.P. by Byron A. Richie, Paul D. Oberle, Shreveport, for Appellants.
Hilburn & Hilburn by Cary A. Hilburn, Shreveport, for Appellee, Keith William Thomas.
Jeff R. Thompson, Bossier City, for Appellee, Anna Thomas Riley.
Before BROWN, WILLIAMS and MOORE, JJ.
MOORE, J.
The buyers, Robert and Marie Gadpaille, appeal a judgment that sustained the sellers' exceptions of prescription and dismissed the buyers' suit to reduce the purchase price of a house. We affirm.

Factual and Procedural Background
The Gadpailles bought the house, located at 5909 Annette Street in Shreveport, from Keith and Anna Thomas for $107,000 on August 31, 1999. Anna Thomas had completed a standard-form "Seller's Property Condition Statement" in which she left blank the question: "To your knowledge are there any defects or problems with: * * * (3) Foundation (Pier/Slab)?" In their petition, the Gadpailles alleged that the Thomases represented that the premises were in good condition and free from defects, and they (the Gadpailles) saw nothing to the contrary.
In December 2003, the Gadpailles first noticed what they alleged to be "minor cracking" in the walls of the house, a problem they thought could be easily repaired. In deposition, Mr. Gadpaille described these as "large cracks which had been filled previously," and were apparent only after he stripped some wallpaper. Shortly after this, he discovered cracks in the floor some 3"-6" wide, and in early spring 2004, the front door would not open. He decided this was not normal "sticking" from humidity.
In May 2004, the Gadpailles called Interstate Foundation Company. Interstate came to the house in June and disclosed that it had previously inspected the same house in September 1998 for Keith Thomas. Interstate's report had identified 12 "problem areas," separations ranging from 1/4" to 3/4", and proposed stabilization work costing $4,250. Mr. Thomas declined this proposal, however, because Interstate would not guarantee its work.
The Gadpailles filed suit in quanti minoris on February 17, 2005. They contended that because of the Interstate report of September 1998, the Thomases were bad faith sellers. The Gadpailles sought a reduction of the purchase price of $6,995 to repair the foundation, $26,099 in resultant structural repairs, and reasonable attorney fees.
The Thomases, now divorced, filed separate exceptions of prescription. Both urged that they were in fact good faith sellers. In the alternative, they asserted the Gadpailles discovered significant cracks in the walls in December 2003, over *128 one year before they filed suit, thus making the action untimely under La. C.C. art. 2534 B. In support, they cited portions of Mr. Gadpaille's deposition in which he admitted that his own professional appraiser advised him of cracks in the foundation in August 1999. In another passage, Mr. Gadpaille admitted uncovering "large" cracks in the walls while stripping wallpaper around Christmas 2003: "There were cracks coming up say in the corners of the  behind the wallpaper  at the very end of 2003, yes."
At a hearing on the exceptions in October 2007, the Gadpailles offered as unobjected filings the Interstate report, the parties' depositions, the cash sale deed and the property condition statement.
After hearing arguments, the district court stated:
The court's more interested in, than anything else, the deposition testimony that Mr. Gadpaille gave where he said back in 2003 around Christmas they started pulling the wallpaper and they found large cracks that had been filled previously and I just don't know how to get around that. It strikes me that that would have been the time to begin an inquiry. And that would have been the time, from which, I think at the latest, prescription would have begun to run.
The court granted the exceptions of prescription and dismissed the Gadpailles' suit.

The Parties' Arguments
The Gadpailles have appealed, urging by one assignment of error that the district court erred in finding that the December 2003 event, rather than the May 2004 event, put them on sufficient notice to call for inquiry about the claim. They cite jurisprudence holding that "mere apprehension that something might be wrong is not sufficient" to start prescription. Beth Israel v. Bartley Inc., 579 So.2d 1066 (La. App. 4 Cir.), writ denied, 587 So.2d 696 (La.1991). They argue that the existence of minor cracking in the walls does not automatically convey knowledge that the foundation has failed. In support, they cite four cases as "legally very similar to the case at bar": LeGros v. ARC Services Inc., 98-387 (La.App. 3 Cir. 10/28/98), 721 So.2d 1016, writ denied, 98-2934 (La.1/15/99), 736 So.2d 212 (a redhibition action involving a heavy-duty engine for a commercial fishing boat); Hoerner v. Wesley-Jensen, 95-0553 (La.App. 4 Cir. 11/20/96), 684 So.2d 508, writs denied, 96-3047, 96-3054 (La.2/7/97), 688 So.2d 501 (a products liability action against the manufacturer of contact lenses); Shopeze Food Stores Inc. v. Tanwar, XXXX-XXXX (La.App. 4 Cir. 8/30/00), 769 So.2d 646 (a redhibition action based on rodent infestation and electrical and plumbing problems in a grocery store); and Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987) (a redhibition action based on foundation damage not discovered until the house flooded a second time). They submit that they actually honored the policy underlying Art. 2534 by not rushing to the courthouse to file suit at the first sign of cracks in the walls, but waited to file suit until they got the bad news from Interstate. They conclude that the exceptions should be denied.
Mr. Thomas responds that the standard of review on an exception of prescription, when the court has received evidence, is manifest error. London Towne Condominium Homeowner's Asso. v. London Towne Co., 2006-401 (La.10/17/06), 939 So.2d 1227. He argues that even though the issue is fact-intensive, the Gadpailles' brief contains not one single record citation. He submits that based on the evidence before the district court, the Gadpailles were placed on sufficient notice: (1) when they received the property condition *129 statement, July 21, 1999; (2) when their own appraiser advised them of "brick and mortar separation," August 19, 1999; (3) when their own inspector notified them of cracks in the foundation, August 24, 1999; and (4) when they discovered cracks while stripping wallpaper, around Christmas 2003. He contends that these events supplied enough knowledge for the Gadpailles to act, and that the four "very similar" cases are not apposite at all.
Ms. Thomas, now remarried as Ms. Riley, contends that she was actually a good faith seller, as only Mr. Thomas dealt with Interstate, he relayed none of their findings to her, and his knowledge cannot be imputed to her. On the merits, she asserts that Mr. Gadpaille discovered cracks in December 2003, and this was sufficient to alert him to the potential problem. She also distinguishes the jurisprudence cited by the Gadpailles, urging that the buyer is held to an objective or reasonable standard when his inaction is argued to suspend prescription.

Discussion
The prescriptive period governing actions in redhibition is stated in La. C.C. art. 2534:
A. (1) The action for redhibition against a seller who did not know of the existence of the defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
(2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer. * * *
The Gadpailles bought the house on August 31, 1999, and filed this suit on February 17, 2005, well after the one-year limitation on actions against a good-faith seller of residential immovable property under Art. 2534 A(2). The district court did not specifically find that the Thomases knew, directly or presumptively, of the defect; rather, the court focused on when the Gadpailles acquired sufficient knowledge of the defect to begin the one-year period of Art. 2534 B. Because the buyers' knowledge is the issue on appeal, we decline to address Ms. Riley's contention that she should be deemed a good faith seller.[1]
Prescription does not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong; it begins when the plaintiff has a reasonable basis to pursue a claim. Jordan v. Employee Transfer Corp., supra. Specifically in the context of residential immovable property, this court has held that in some circumstances, a cracked foundation may be truly hidden. Spraggins v. Lambeth, 42,693 (La.App. 2 Cir. 12/5/07), 973 So.2d 165, and citations therein. Normally, however, a crack or separation in a wall is deemed apparent evidence of a defect. Id. When the buyer discovers such a crack, the one-year prescriptive period begins to run. Id.; Fruge v. Hancock, 94-730 (La. App. 3 Cir. 12/7/94), 647 So.2d 488, writ *130 denied, 95-0070 (La.3/10/95), 650 So.2d 1181; Sievert v. Henderson, 506 So.2d 743 (La.App. 1 Cir.1987); Thompson v. Leefe, 399 So.2d 1302 (La.App. 4 Cir.1981).[2]
Mr. Gadpaille candidly admitted that around Christmas 2003, "we started pulling the wallpaper, and when we pulled the wallpaper off we found large cracks that had been filled previously." Ms. Gadpaille agreed that pulling off the wallpaper was when she "discovered the problem or the basis of this lawsuit[.]" Although they did not disclose the size of these cracks, they were obviously larger than the hairline cracks noticed by the inspector, appraiser, and the Gadpailles themselves previously. They were not consistent with normal settling, and suggested a more serious problem. On this evidence, the district court was not plainly wrong to find that the Gadpailles' discoveries under the wallpaper in December 2003 would have placed a reasonable homeowner on notice and incited an inquiry as to the extent of the problem. The instant suit was filed on February 17, 2005, well over a year after these revelations, and was therefore untimely.
We are sensitive to the policy considerations expressed in Jordan v. Employee Transfer Corp., supra. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit. The prescriptive period should be used to "facilitate the settlement of disputes between buyers and sellers." La. C.C. art. 2534, 1993 Revision Comments (c). There is, however, no policy of relaxing the duty of the buyer to investigate issues that suggest redhibitory defects. The Gadpailles testified that they had previously bought and sold at least five homes in Shreveport and out of state. The district court violated no legal policy by holding them to a reasonable standard of investigation. The assignment of error lacks merit.

Conclusion
For the reasons expressed, the judgment sustaining the exceptions of prescription is affirmed. Robert and Marie Gadpaille are to pay any costs not assessed by the district court.
AFFIRMED.
NOTES
[1] Parenthetically, we would detect no manifest error in the court's decision to apply Art. 2534 B. The presence of large cracks in the wall of the middle room, plastered together and covered with wallpaper, is evidence of concealment sufficient to charge both sellers with actual knowledge of the defect.
[2] Several of the cases cited by the Gadpailles, based on products liability of movables or redhibition not involving walls and foundations, are not truly apposite.