*353 WILLIAMS, J.,
dissents.
| ¡I dissent from the affirmance of summary judgment in favor of the sellers. I cannot join the majority’s retreat to the era of caveat emptor; in disregard of the redhibition articles and this court’s proper role in the review of summary judgment.
The seller of a house warrants the buyer against redhibitory defects which render the house either useless or its use so inconvenient that it must be presumed the buyer would not have purchased the thing had he known of the defect, or would have bought it at a lesser price. LSA-C.C. art. 2520; Hollingsworth v. Choates, 42,424 (La.App.2d Cir.8/22/07), 963 So.2d 1089. A seller owes no warranty for defects that were known to the buyer at the time of the sale, or for defects that were apparent and should have been discovered by a reasonably prudent buyer. LSA-C.C. art. 2521. Generally, the seller warrants the thing sold against hidden or non-apparent defects, which are defects that cannot be discovered by simple inspection. Ollis v. Miller, 39,087 (La.App.2d Cir.10/29/04), 886 So.2d 1199.
To determine whether a defect is apparent, courts consider whether a reasonably prudent buyer, acting under similar circumstances, would have discovered the defect through a simple inspection. Spraggins v. Lambeth, 42,693 (La.App.2d Cir.12/5/07), 973 So.2d 165. The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold so as to allow the seller an opportunity to make the required repairs. A buyer who fails to give that notice suffers diminution of the warranty to the extent the seller can show that the defect could have been repaired with timely notice. LSA-C.C. art. 2522. Such failure to give notice does not preclude the buyer | ¿from obtaining reduction of the purchase price. David v. Thibodeaux, 04-0976 (La.App. 1st Cir.5/11/05), 916 So.2d 214.
In the present case, the plaintiffs presented evidence that in February 2005, approximately five months after they moved into the house, they did not have water because an underground water pipe was leaking. Plaintiffs hired a plumber, who said that the problem was caused by the severe deterioration of the water pipes, which were corroded and needed to be completely replaced. Jonathon Chumley stated in his deposition that at the same time, the plumber also noticed a leak in the gas line under the house that required repair. The sellers’ disclosure did not advise of any defects in the water pipes or gas line. Nor did the inspection report address the gas line or water pipes underneath the house. Plaintiffs submitted invoices showing the replacement cost of the water and gas lines.
From the foregoing evidence, a trier of fact could infer that the water and gas lines were useless for the intended purpose and that this defective condition existed at the time of sale, since the extensive corrosion of the water pipes could not have occurred just in the short time period after the plaintiffs moved into the home. In addition, the plaintiffs showed that the defect was not apparent since the water pipes were underground and not discoverable upon visual inspection.
The case cited by the majority, Conley, supra, does not provide authority for the assertion that mere knowledge of the house’s age would place a reasonably prudent buyer on notice that the “old plumbing system” was useless. The issue in the Conley case was not the age of the house, but the buyer’s failure to make a simple inspection by turning on the kitchen 1..-¡faucet and viewing an outside waste valve visible above the ground. Here, in contrast, the defective pipes were completely *354 underground and the plaintiffs’ inspection of the interior faucets did not indicate any problems with those pipes. Thus, not only does the record fail to support the majority’s determination that plaintiffs were placed on notice of the defective condition, the majority has usurped the role of the trier of fact in making such a determination on review of summary judgment.
Based upon this record, I would conclude that plaintiffs submitted sufficient evidence to satisfy their burden of demonstrating a genuine issue of material fact as to whether the condition of the water pipes and gas line constituted a redhibitory defect at the time of sale that could not have been discovered upon inspection by a reasonably prudent buyer. Consequently, I would reverse the summary judgment granted in favor of the Magees. The case is before us on appeal of a summary judgment and this court should not, as the majority is too eager to do, weigh the evidence as a fact finder.