SEXTON, Judge Pro Tem.
| plaintiff Matthew Powell appeals the trial judge’s ruling that he is not entitled to specific performance of a contract to purchase his cabin on Camp Joy Road in Haughton, Louisiana, by J & R Enterprises-Shreveport, L.L.C. (“J & R”). The trial judge found that Powell’s failure to deliver to J & R a Property Disclosure Document as required by La. R.S. 9:3198 precludes him from seeking specific performance of the contract. For the following reasons, we affirm.

FACTS

Powell and his wife, Kathy, each owned and was selling a cabin on Camp Joy Road in Haughton. Kathy hired a real estate agent, but Powell did not. Kathy’s agent “helped” Powell, but there was no listing agreement on Powell’s cabin. On April 3, 2008, the parties executed a Louisiana Residential Agreement to Buy or Sell (“contract”) in which Powell agreed to sell and J & R agreed to purchase Powell’s cabin for the consideration of $16,000. The contract specifically waived any action *1186 claiming redhibitory defects. The sale was “AS IS,” without warranties. J & R also had a contract to purchase Kathy’s cabin. Ultimately, J & R closed the sale on Kathy’s cabin, but refused to close on Powell’s cabin.
Powell filed the instant suit for specific performance of the contract and J & R answered, arguing that it was not allowed to inspect the cabin within the allotted time in the contract; and, when it did finally inspect the cabin, there were significant redhibitory defects.
However, the parties had contracted out of redhibition. The contract gave the buyer five days from the date of the contract to inspect the ^premises. If not, that right was said to be waived. J & R’s representative and president, Ms. Dhali-wal-Davis, did not inspect the premises within the period set out by the contract. The record indicates that she first saw the premises a few days before the sale was to take place. She found a number of things wrong with the property and said she did not want it.
The trial judge concluded that J & R waived any warranties by the agreement to purchase the cabin “AS IS” and could not vitiate the terms of the contract based on the condition of the cabin since it was in substantially the same condition at the time of the proposed closing as it was at the execution of the contract.
Significantly, however, the trial judge noted that Powell had failed to provide to J & R a property disclosure document as required by La. R.S. 9:3198, which provides in pertinent part:
B. (1) The seller shall complete the property disclosure document in good faith to the best of the seller’s belief and knowledge as of the date the disclosure is completed and signed by the seller. If the seller has no knowledge or information required by the disclosure document, the seller shall so indicate on the disclosure statement and shall be in compliance with this Chapter.
(2) The seller shall deliver or cause to be delivered the completed and signed property disclosure document to the purchaser no later than the time the purchaser makes an offer to purchase, exchange, or option the property or exercises the option to purchase the property pursuant to a lease with an option to purchase.
(3)(a) If the property disclosure document is delivered to the purchaser after the purchaser makes an offer, the purchaser may terminate any resulting real estate contract or withdraw the offer no later than seventy-two hours, excluding federal and state holidays and weekends, after receipt of the property disclosure document. Notwithstanding any other agreement between the purchaser and seller, if the purchaser terminates a |sreal estate contract or withdraws an offer in accordance with this Chapter, the termination or withdrawal of offer is without penalty to the purchaser and any deposit or earnest money shall be promptly returned to the purchaser.
(b) Any rights of the purchaser to terminate the real estate contract provided by this Chapter are waived if not exercised prior to transfer of title or occupancy, whichever is earlier, by the purchaser in the case of a sale or exchange, or prior to the transfer of title in the case of a purchase pursuant to a lease with option to purchase.
(c) A transfer subject to this Chapter is not invalidated solely due to the failure of any person to comply with this Chapter.
(d) The provisions of this Chapter shall not affect any other rights of a purchaser to terminate a real estate contract for *1187 reasons other than those set forth in this Chapter.
Relying on subsection B(2) of the statute, the trial judge noted that the requirement of providing a property disclosure document is mandatory and is not waived by any language in the contract. Had J & R gone through with the purchase and transfer in the absence of a property disclosure document, it would have waived the requirement as provided in section B(3)(c), but the closing never took place. The trial judge concluded, therefore, that Powell was not entitled to specific performance of the contract. This appeal by Powell ensued. We note this appears to be the first occasion this statute has been interpreted.

DISCUSSION

It is undisputed that Powell failed to provide J & R with a property disclosure document as required by The Louisiana Residential Property Disclosure Act, La. R.S. 9:3198(B), supra. The issue on appeal is what is the effect of such failure of a seller of real estate to comply with the mandatory requirement of the statute.
14Questions of law, such as the proper interpretation of a statute, are reviewed under the de novo standard of review. Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037.
The principles of statutory construction are well settled. Words and phrases must be read with their context and construed according to the common and approved usage of the language. La. R.S. 1:3. “The word ‘shall’ is mandatory and the word ‘may’ is permissive.” Id.; McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La.7/1/11), 65 So.3d 1218. Every word, sentence or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision and that no unnecessary words or provisions were employed. McGlothlin, supra, citing Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104 (La.1/17/07), 947 So.2d 15, and Moss v. State, 05-1963 (La.4/4/06), 925 So.2d 1185.
A statute must be “applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention the Legislature had in enacting it.” Holly & Smith Architects, Inc., supra. Courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause or word as meaningless and surplusage if a construction giving force to and preserving all words can legitimately be found. McGlothlin, supra.
La. R.S. 9:3198(B)(2) is clear and unambiguous. The provision is mandatory and requires that the seller complete a property disclosure document and provide it to the buyer. Thus, we agree with the trial judge Lthat the failure of the seller to provide the disclosure form provided for in the Property Disclosure Act allows the purchaser to terminate the contract or withdraw the offer. In addition, as J & R notes, the statute allows the purchaser 72 hours from receipt of the property disclosure document to terminate the contract or withdraw the offer. Further, subsection B(3)(a) provides that, if a purchaser terminates the contract or withdraws an offer in accordance with the statute, the termination or withdrawal is without penalty to the purchaser. Finally, subsections (B)(3)(b) and (c) clearly set forth that the only way a purchaser waives the right to terminate the contract or withdraw an offer is when the transfer of title or occupancy occurs despite the seller’s failure to provide a property disclosure document. Therefore, J & R was legally entitled to terminate the contract and/or withdraw its *1188 offer to purchase Powell’s cabin at any time before Powell provided a property disclosure document and within 72 hours thereafter.
We conclude by considering Powell’s argument that the legislature’s failure to include a penalty provision in the statute for a seller’s failure to provide the purchaser with a property disclosure document indicates that the legislature purposefully intended that there be no consequence to a seller for failing to provide the document. Powell further urges that the purchaser should not be allowed to rely on the statute to support withdrawing an offer to purchase when the purchaser changes his or her mind.
Extending Powell’s lack of penalty argument to its logical conclusion yields an absurd result. The policy behind the statute is to protect purchasers and to encourage full disclosure by sellers of known conditions [fiof immovable property.[1] If there were no consequence to the seller’s failure to provide the property disclosure document, then the purchaser would be bound by the offer, but not afforded the seller’s knowledge of the current condition *1189 of the property. If so, whether or not to comply with the mandatory requirement of the statute to disclose the known current condition of the property would be at the seller’s whim. This surely was not the intent of the legislature. Rather, we conclude that the intended consequence of the seller’s failure to provide the property disclosure 17document is the purchaser’s continued right to terminate the contract or withdraw the offer until such disclosure is made or in accordance with the terms of the contract.
Since Powell failed to comply with the statute, we find no error in the trial judge’s ruling that he is not entitled to specific performance of the contract.

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of J & R Enterprises-Shreveport, L.L.C. and dismissing the claims of Matthew L. Powell is affirmed. Costs of appeal are assessed to Matthew L. Powell.
AFFIRMED.

. It would appear that the redhibition statutes, La. C.C. art. 2520, et seq., and the Louisiana Property Disclosure Act, La. R.S. 9:3195-99, cover the same subject where sales of real estate not exempted by the Disclosure Act are concerned. Of course, the Property Disclosure Act deals with a seller’s duty prior to sale to inform the buyer of "known” defects of which the seller is aware. The redhibitory articles deal with a buyer's remedy where defects are discovered after the sale.
C.C. art. 2520 warrants the buyer against redhibitory defects. This article defines a redhibitory defect as one that renders a thing useless or its use so inconvenient that it must be presumed the buyer would not have bought the thing had he known of the defect. The remedies are either rescission of the sale or reduction of the price. The seller has no obligation with respect to defects that were known to the buyer or defects that could have been discovered by a reasonably prudent buyer. These have been described as non-apparent defects rendering the thing useless or so inconvenient that a buyer would not have bought the thing if he had known of them. It is also described as a physical defect or deformity lacking a necessary component of quality. Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C., 01-453 (La.App.5th Cir. 10/17/01), 800 So.2d 932.
Apparent defects have also been said to be those discoverable by a reasonably prudent buyer through simple inspection. Such inspection is more than casual observation and requires an examination of the thing. Spraggins v. Lambeth, 42,693 (La.App.2d Cir. 12/5/07), 973 So.2d 165.
In any real estate transaction not exempted by the act, La. R.S. 9:3198, in clear and mandatory terms, requires the seller to give to the buyer, no later than the time of the offer, a real estate disclosure form listing all known defects. Clearly, the statute contemplates that the disclosure form would be provided to the buyer during the period of negotiations prior to an offer; but, if the buyer does not provide the form at least at the time of the offer, it should be provided prior to the act of sale, at which time the buyer has 72 hours, exclusive of holidays and weekends, to back out. La. R.S. 9:3198(B)(3)(a).
We observe that the form put together by the Louisiana Real Estate Commission, as directed by the statute, asks for disclosure of certain apparent items, certain non-apparent items and some which the homeowner would likely not know. Also, there are some which are readily discoverable from the public records. Some of these might well be considered minor and not subject to redhibition unless they were numerous. Aucoin v. Southern Quality Homes, L.L.C., 07-1014 (La.2/26/08), 984 So.2d 685. These redhibition articles and the Louisiana Residential Property Disclosure Act should be read in para materia and be interpreted harmoniously where possible. La. C.C. art. 13. Where statutes do conflict, however, the more specific and later expression of the legislative will is to be paramount. McGlothlin, supra.
Clearly, the Louisiana Residential Property Disclosure Act, to the extent that it might conflict with the redhibition articles, is the later and more specific expression. We do not find any conflicts and simply observe the possibility thereof.